UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

OSMANI TREJO PADILLA,

           Petitioner,

v.                              Case No. 3:26-cv-203-JEP-MCR

DEPARTMENT OF HOMELAND
SECURITY, et al.,

           Respondents.

_____

## **ORDER**

This cause is before the Court on a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition," Doc. 1), filed by Osmani Trejo Padilla ("Padilla") on February 2, 2026. Padilla alleges he has been held in prolonged detention at the Baker County Correctional Institution under an order of removal since November 13, 2025. (Doc. 1 at 1–2, 4, 6). Padilla requests his immediate release from the custody of the United States Department of Homeland Security, Immigration and Customs Enforcement, because there is no realistic likelihood of removal in the reasonably foreseeable future as Cuba has refused to accept him. (*Id.* at 6–7).

The Supreme Court has held that "indefinite detention of aliens . . . would raise serious constitutional concerns." *Zadvydas v. Davis*, 533 U.S. 678,

682, 689–90 (2001). As such, "once removal [of an alien pursuant to a removal order] is no longer reasonably foreseeable, continued detention is no longer authorized." *Id.* at 699. "[F]or the sake of uniform administration in the federal courts," the Supreme Court has recognized as presumptively reasonable a six-month detention period while a removable alien awaits deportation. *Id.* at 701. The Supreme Court explained:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. . . . This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

*Id.*; *see also Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002) (stating that "in order to state a claim under *Zadvydas* the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future"). "Although not expressly stated, the Supreme Court appears to view the six-month period to include the 90-day removal period plus 90 days thereafter." *Akinwale*, 287 F.3d at 1052. Thus, to state a claim under *Zadvydas*, the "six-month period . . . must have expired at the time [a petitioner's] § 2241 petition was filed." *Id.* Because Padilla filed his Petition before the presumptive six-month period expired pursuant to

2

*Zadvydas*, his claim is premature and will be dismissed without prejudice to refiling at the appropriate time.[1] (*See* Doc. 1 at 1–2, 4, 6).

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1.      The Petition (Doc. 1) is **DISMISSED without prejudice** as prematurely filed.

2.      The Clerk shall enter judgment dismissing this case without prejudice, terminate any pending motions as moot, and close the file.

3.      If Petitioner appeals this Order, the Court denies a certificate of appealability.[2] Because the Court has determined that a certificate of appealability is not warranted, the Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

---

[1] Although Padilla alleges in Ground One that he is being held "for time already served" in 2003, part of which was served in county jail for a probation violation, Padilla explains that after he "served [his] time, [he] was then placed in removal proceedings." (Doc. 1 at 6). Thus, the Court construes his Petition as challenging his detention since November 13, 2025.

[2] The court should issue a certificate of appealability only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" *Miller–El v. Cockrell*, 537 U.S. 322, 335–36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Upon consideration of the record as a whole, this Court denies a certificate of appealability.

**DONE AND ORDERED** in Jacksonville, Florida, on February 9th, 2026.

_____
JORDAN E. PRATT
UNITED STATES DISTRICT JUDGE

Jax-11
c:
Osmani Trejo Padilla, #097-132-521

4